```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM E. WRIGHT, III         :        CIVIL ACTION
                               :
          v.                   :
                               :
MOSTNAK, et al.                :        NO. 07-5023
```

MEMORANDUM

McLaughlin, J.                                        August 1, 2011

      This case arises from a physical altercation involving state corrections officers for Chester County Prison during a search of the plaintiff's prison cell. The plaintiff has submitted a sworn affidavit stating that he was hit and choked by defendant Officer Mastnjak during the search, which chipped his teeth and cause bleeding from his nose, mouth, and forehead. Two other defendants, Officers Moeller and Shivone, were present in the cell during the incident. It is undisputed that Officer Smith was not present during this incident, and Officer Lynch was supervising another inmate outside of the cell. The Court will grant the motion for summary judgment for Officers Smith and Lynch. The Court will deny the motion with respect to the remaining defendants.

I.    Procedural History

      On December 5, 2007, the plaintiff filed a pro se complaint against several corrections officers. The case was

assigned to the Honorable Thomas M. Golden.  On April 3, 2008, the Court granted the plaintiff's motion to appoint counsel.  On April 12, 2011, the defendants filed a joint motion for summary judgment.  The Court held oral argument on May 26, 2011.

II.   Summary Judgment Record

The facts concerning the search of the plaintiff's cell are in dispute.  The plaintiff was formerly an inmate at the Chester County prison.[1]  On November 15, 2007, several corrections officers initiated a search of the plaintiff's cell as part of a search of the Restricted Housing United ("RHU") for non-essential materials.  Upon approach to the plaintiff's cell, Officer Shivone advised the plaintiff's cellmate to place his hands behind his back to be cuffed.  The plaintiff's cellmate complied and was removed from the cell.  After the plaintiff's cellmate was removed from the cell, the plaintiff was advised to come to the doorway of the cell to be handcuffed.  The plaintiff did not comply with this request.  The plaintiff states that he requested not to be handcuffed during the search of his cell because he has an allergic reaction to nickel.  Wright Aff. ¶ 11. Officer Shivone then used "escort techniques" to gain compliance and to secure the plaintiff in handcuffs.

---

[1] The plaintiff is currently an inmate at State Correctional Institution - Greensburg.

The events surrounding the restraint of the plaintiff are in dispute.  In his deposition, Officer Shivone testified that, after initially refusing to be handcuffed, the plaintiff appeared to become compliant and turned around to be handcuffed. (Shivone Dep. at 26.)  After securing one arm, Officer Shivone states that the plaintiff swung around and refused to let the other arm be cuffed.  According to the defendants, a directive was given to take the plaintiff to the floor.  During this takedown, the defendants assert that the plaintiff was not punched or kicked.  (Shivone Dep. at 27.)  Officers Moeller, Shivone, and Mastnjak were present in the cell and Officer Lynch was outside of the cell with the plaintiff's cellmate.[2]

The plaintiff disputes the defendants' version of the takedown.  The plaintiff first disputes that he turned around to be handcuffed.  Wright Aff. ¶ 15.  Officer Moeller also testified that "[t]here was no directive to take [the plaintiff] down," (Moeller Dep. at 24.)  During the takedown, the plaintiff states that Officer Mastnjak hit him in the face.  Wright Aff. ¶ 18. Officer Mastnjak then grabbed the back of the plaintiff's head and "slammed [the plaintiff's] head onto the floor face first." Wright Aff. ¶ 19.  Officer Mastnjak then choked the plaintiff for a period of time.  Wright Aff. ¶ 20.

---

[2] It is undisputed that Officer Smith was not present during this incident.  (See Oral Arg. Tr. at 26)

After the altercation, the plaintiff states that his mouth and nose were bleeding. The plaintiff was taken then to the medical unit. At the medical unit, the plaintiff noticed a long cut down his forehead and that two front upper teeth were chipped and/or broken. Wright Aff. ¶¶ 22-25. For several months after the incident, the plaintiff periodically spit up blood because of his broken teeth. Wright Aff. ¶ 26.

In addition to the plaintiff's affidavit, the plaintiff provides some evidence of his injuries from the defendants' documents. See Ex. C to Frank Cert. ("Mr. Wright was cuffed and taken to medical for pain in his arm."); Ex. D to Frank Cert. ("inmate was escorted to medical to be evaluated for any possible injuries occurred during the incident. The inmate had a scratch less then(sic) an inch on the forehead.").

III. Analysis

On a motion for summary judgment, the Court considers the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party moving for summary judgment must show that there are no issues of material fact and that judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing that there are no issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986).  Once a properly supported motion for summary judgment is made the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial.  Anderson, 477 U.S. at 250.

The underlying issue in this case is whether excessive force was used in the search of the plaintiff's cell.  In an Eighth Amendment excessive force claim, the pivotal inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  The inquiry must be driven by the extent of the force and the circumstances in which it is applied, not by the resulting injuries.  Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002); Brooks v. Kyler, 204 F.3d 102, 108 (3d Cir. 2000).  In analyzing whether a prison official has used excessive force in violation of the Eighth Amendment,

> courts look to several factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

Brooks, 204 F.3d at 106.  Furthermore, an officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force if there is a realistic and reasonable

5

opportunity to intervene.  See Smith, 293 F.3d at 650.

Upon consideration of the evidence presented, the Court concludes that there is a genuine issue of material fact in this case whether force was applied in a good-faith effort to maintain or restore discipline or whether it was applied maliciously and sadistically to cause harm.  There are also questions of fact for a jury to determine whether the other officers present in the cell had a realistic and reasonable opportunity to intervene but chose not to.[3]  Because a jury could find the use of force applied by Officer Mastnjak was excessive in this case and that Officers Moeller and Shivone had a realistic and reasonable opportunity to intervene, the Court will deny their motion for summary judgment.  The Court will grant the motion for Officer Lynch and Officer Smith.

An appropriate Order shall issue separately.

---

[3] Officer Lynch, however, was not in the cell and was supervising another inmate.  There is no evidence for a jury to conclude that Officer Lynch a realistic and reasonable opportunity to intervene in this matter.